The opinion of the court was delivered by
Tilghman, C. ,T.
This is an action of slander, brought by Peter Rough, the plaintiff below, against James Todd, the plaintiff in error.
1. The first error assigned is, that several suits were submitted to arbitration and only one award was made. It appears that there were several distinct suits between the plaintiff and defendant, all of which they agreed to submit to the arbitration of the same persons. But in the present action, a rule of court was taken out, distinct from any of the others, and an award was made on it, unmixed with any of the others. This is all right. There is nothing improper, in referring several suits to the same persons, any more than in having several causes tried by the same jury. In the one case the awards, and in the other the verdicts are given separately, so that no confusion can ensue. There is no force therefore in this objection.
2. The second exception is to the declaration. It is contended that the words are no't actionable. To judge of that, we must advert to the manner in which they are laid, which is as follows:— “that the defendant in a certain discourse which he then and there had with divers good and worthy citizens of the commonwealth of Pennsylvania, of and concerning the plaintiff, and of and concerning certain boundaries and other allowed land marks, forming the boundary line between the plantations of the said plaintiff and the said defendant, then and there, in the presence and hearing of the said citizens, falsely and maliciously spoke and published of and concerning the said certain bounded trees and other allowed land marks forming the boundary line and the evidence of the boundary line between the said plantations of the plaintiff and defendant, these false, scandalous, malicious, and defamatory words *22 following, that is to say, Peter Rough, (meaning the plaintiff,) moved the line, (meaning the said boundary line between the said plantations, formed of and by the said bounded trees, and other allowed land marks,) and he (the said plaintiff meaning,) made a new line, (meaning thereby, that the said plaintiff had altered and removed the said bounded line, and the certain bounded trees, and other allowed land marks aforesaid,) to the wrong of him the said plaintiff,” &c. &c. We have an ancient law, made in the year 1700, against removing land marks, by which it is enacted, “ that no person shall cut, fell, alter, or remove, any certain bounded tree or other allowed land mark, to the wrong of his neighbour or any other person, under the penalty of any sum not less than ten pounds.”
The words laid in the declaration are actionable therefore, if they charge the defendant with an act punishable by the act of assembly. For, in a conviction under the act, not only would the plaintiff be subject to pecuniary loss, but to loss of character; because the removal of boundaries has always been held in execration. The curse of God was denounced against it by the Mosaic law. The Romans considered it as an infamous offence, and all civilized nations have been of the same opinion. The reason of this general detestation is evident — without certainty of boundary, there is no certainty of property in land. — If the words in question had not been spoken in a conversation relating to hound trees and land mm'ks, there might have been some doubt of their being actionable. It might have been said, that the moving of a line is an expression of uncertain import. But when these' words are taken in connexion with a discourse concerning hound trees and land marks, it may be fairly understood, that by the moving of a line, and making a new line, was meant the removal of a post of stone, set up as a boundary, and fixing it in some other place, which would alter the course of the line. It is possible that the defendant might have had some other meaning, (such as the removal of a fence,) but we are not bound, nor would it be right, to resort to probabilities, and reject the obvious meaning of words. If men will speak of their neighbours in such terms as injure their characters, they must take the consequences.
It is the opinion of the court, that the words laid in the declaration, spoken in the manner, and forming part of the conversation there set forth, are actionable; and therefore the judgment should be affirmed.
Judgment affirmed.